Filed 9/2/21  P. v. Sanchez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C091812 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF021913) |
| v. | |
| JUAN JOSE SANCHEZ, JR., | |
| Defendant and Appellant. | |

A jury found defendant Juan Jose Sanchez, Jr., guilty of first degree murder in 2004.  In 2020, defendant filed a petition for resentencing under Penal Code section 1170.95[1] and requested the appointment of counsel.  The trial court found defendant ineligible for relief and denied the petition without holding a hearing.  Defendant appeals, arguing the trial court did not follow proper procedures when it denied the petition

_____

[1]  Undesignated statutory references are to the Penal Code.

1

without appointing counsel or receiving briefing.  We conclude any error was harmless and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and codefendant Daniel Murillo drove the victim out to an orchard and shot and killed him.  (*People v. Sanchez* (Oct. 12, 2006, C049734) [nonpub. opn.].)[2]  The jury found defendant guilty of first degree murder (§§ 187, subd. (a), 189), sustained a lying-in-wait special circumstance (§ 190.2, subd. (a)(15)), and found true the allegation that defendant was vicariously armed during the offense (§ 12022, subd. (d)).  The trial court sentenced defendant to life without the possibility of parole with a consecutive three-year term for the firearm enhancement.

Defendant appealed the conviction, asserting the lying-in-wait special circumstance could not apply to him because he only aided and abetted the victim's murder and was not the actual killer.  We disagreed, saying, "[d]efendant clearly intended to kill the victim, and there is ample evidence that the murder was committed by means of lying in wait.  We conclude the lying-in-wait special circumstance applies to defendant pursuant to section 190.2, subdivision (c) as an aider and abettor with the intent to kill." (*People v. Sanchez, supra*, C049734 [at p. 6].)  Thus, we affirmed the conviction.

On January 14, 2020, following the enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), defendant filed a petition for resentencing under section 1170.95.  In the petition, defendant averred that a complaint or information had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he had been convicted of murder under one of those theories; and he could not now be convicted of murder based on the changes made to section 188 and 189 by Senate Bill

---

[2]  At defendant's request, we incorporated by reference the record for his direct appeal.

2

1437. Defendant also checked boxes stating, in conclusory language, that he was not the actual killer; that he did not, with the intent to kill, aid or abet the actual killer; and that he was not a major participant in the felony acting with reckless indifference to human life. He requested the court appoint him counsel in the proceeding.

One month later, the trial court summarily denied the petition in a written order. The court explained, "[a] review of the court file and record of conviction indicates that petitioner was neither charged with nor convicted under either the felony murder rule or the natural and probable consequences doctrine." Noting the law "regarding the criminal liability of direct aiders and abettors of murder" was not changed by Senate Bill 1437, the court said, "[t]he court of appeal found that petitioner acted with intent to kill as a direct aider and abettor, finding that petitioner 'clearly intended to kill the victim' and that petitioner acted 'as an aider and abettor with the intent to kill.' " Thus, defendant had failed to make a prima facie showing that he was eligible for relief under section 1170.95 and the court denied the petition.

**DISCUSSION**

Defendant contends the court erred when it made its decision without first appointing counsel or allowing briefing. The People respond the court did not err because it correctly concluded defendant, as a direct aider and abettor who acted with the intent to kill, was ineligible for relief as a matter of law.

A.     *Senate Bill 1437*

Senate Bill 1437, which became effective on January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended section 188, which defines malice, and section 189, which defines the degrees of murder, to address felony-murder liability; it also added section 1170.95, which provides a procedure by which those convicted of

3

murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.  (Stats. 2018, ch. 1015, §§ 2-4; *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*); *People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417.)

Section 1170.95, subdivision (c) provides:  "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section.  If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner.  The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served.  These deadlines shall be extended for good cause.  If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."  (§ 1170.95, subd. (c).)

To make a prima facie showing, all three of the following conditions must apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a).)

Section 189 was amended to include new subdivision (e), which provides:  "(e) A participant in the perpetration or attempted perpetration of a felony . . . in which a death occurs is liable for murder only if one of the following is proven:

"(1) The person was the actual killer.

4

"(2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.

"(3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also changed section 188's definition of malice for the crime of murder. Under new section 188, subdivision (a)(3), "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." It thus "eliminated natural and probable consequences liability for murder and limited the scope of the felony murder rule." (*Lewis, supra*, 11 Cal.5th at p. 957.)

B.     *Analysis*

In defendant's view, section 1170.95 does not permit a court to preliminarily determine whether a defendant meets the statute's prima facie criteria without first appointing counsel and allowing the parties to file additional briefing. Defendant further argues the court's denial of the petition deprived him of his constitutional rights to due process and to the assistance of counsel.

Our Supreme Court recently considered this issue in *Lewis, supra*, 11 Cal.5th 952. In *Lewis*, the defendant filed a section 1170.95 petition and requested counsel. (*Lewis*, at p. 960.) The trial court did not appoint counsel and summarily denied the petition, explaining the defendant "did not make a prima facie case for resentencing under Senate Bill 1437." (*Ibid.*) Interpreting section 1170.95, subdivision (c), our Supreme Court concluded the statute "does not require a distinct prima facie showing before the appointment of counsel." (*Lewis*, at p. 962.) Rather, the defendant was "entitled to the appointment of counsel upon the filing of a facially sufficient petition [citation] and [ ] only *after* the appointment of counsel and the opportunity for briefing [could] the superior court consider the record of conviction to determine whether 'the petitioner

5

makes a prima facie showing that he or she is entitled to relief.' " (*Id.* at p. 957.) Once counsel is appointed, "the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under subdivision (c)." (*Id.* at p. 972.) " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id.* at p. 971.)

Here, the trial court denied defendant's petition without first appointing counsel or receiving briefing from the parties. The trial court thus erred. The parties dispute, however, whether the error was prejudicial. Defendant also argues the trial court violated his federal constitutional rights and committed structural error when it failed to appoint counsel. In *Lewis*, however, our Supreme Court explained, "a petitioner is not constitutionally entitled to counsel at the outset of the subdivision (c) stage of the section 1170.95 petitioning process." (*Lewis, supra*, 11 Cal.5th at p. 973.) Rather, the "failure to appoint counsel" at the prima facie stage is "state law error only," and " 'the *Watson* harmless error test applies.' "[3] (*Lewis, supra*, 11 Cal.5th at p. 973.) Thus, to prevail on appeal, a defendant must show " ' "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Id.* at p. 974.) We conclude defendant cannot make such a showing.

Defendant was ineligible for relief because he had not been convicted of felony murder or murder under a theory of natural and probable consequences. No instruction was given on either felony murder or the natural and probable consequences doctrine at trial. Defendant was therefore ineligible for relief under section 1170.95, which applies

---

[3] *Lewis* similarly rejected the contention that the failure to appoint counsel was structural error. (*Lewis, supra*, 11 Cal.5th at p. 974.)

only to those "convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a); *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167 ["If Nguyen had gone to trial, and the parties had presented no argument and the trial court had given no instructions regarding felony murder or murder under a natural and probable consequences theory, there is no question Nguyen would be unable to make a prima facie showing that he is entitled to relief under section 1170.95"].)

Moreover, even after Senate Bill 1437, a person is liable for murder if he or she aided and abetted a murder with intent to kill. (§ 189, subd. (e).) Here, we previously concluded on direct appeal that defendant was an "aider and abettor [who acted] with the intent to kill." (*People v. Sanchez, supra*, C049734 [at p. 6].) Thus, defendant could be convicted of murder even after the changes made by Senate Bill 1437. The presence of counsel would not change the fact that defendant is patently ineligible for relief under section 1170.95, and any error was thus harmless.

## DISPOSITION

The judgment (order) denying the petition is affirmed.


            /s/
    RAYE, P. J.


We concur:


    /s/
HOCH, J.


    /s/
KRAUSE, J.

7